as the name of but one attorney or firm of attorneys will be inserted from the same place.

Attorneys desiring their names placed in our Directory will please advise us at once, with references, as applications first received, will be first considered. In a number of cases we have received several applications for the same place. Applicants will be duly informed when applications have been approved. The schedule of rates for insertion of name in Directory, is fixed in accordance with population and importance of city or town in which applicant resides.

Quite a number of attorneys have already been retained in important cases, by means of advertising in our Directory.

# THE SUPREME COURT OF GEORGIA,

*Decisions Rendered March 23, 1886.*

REPORTED BY J. H. LUMPKIN, REPORTER

## PARKS *vs.* CITY OF ATLANTA *et al.*

NON-SUIT, FROM CITY COURT OF ATLANTA. Contracts. Non-suit. Evidence. (Before Judge Clarke.)

Jackson, C. J.—Where the fire-masters of a city employed a man at will, and not for a year or any specified time, under a resolution adopted by them that, " instead of electing, the men may be employed for the different positions, subject to the will of the board," upon his discharge he could not recover against the city, or the members of the board of fire-masters for his wages for the balance of the year ; and such facts appearing from the plaintiff's evidence, a non-suit was proper.

(a) There being no proof of damage to character and standing or loss of service, no verdict could have been rendered therefor, and a non-suit was right.

(b) It is unnecessary to consider how far the resolution of the board was restricted by the ordinance of the council.

(c) What was said to plaintiff by others than his employers was inadmissible, and custom could not affect his rights under his contract in this case, not being such as to enter into his contract at the time it was made.

Judgment affirmed.

John C. Reed, Haight & Osborn, for plaintiff fn error.

J. B. Goodwin ; J. T. Pendleton, for defendants.